■ In the Matter of the Claim of DONALD E. FALCONER, Respondent, v. PROTO TOOL COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its carrier from a decision and award of the Workmen's Compensation Board on the ground that there is no substantial evidence to support the board's finding of causal relationship. On February 12, 1960 claimant, a 26-year-old store clerk, slipped while loading a truck for his employer and suffered what was diagnosed as a strain of the lower back. Although claimant underwent diathermy treatment for this condition, he lost no time from work and after several weeks was discharged from treatment. On January 17, 1961 claimant was unable to rise from a sitting position and was brought to a hospital by ambulance. After recovery from nonoccupational tonsilitis, which he happened to have at the same time, claimant underwent an operation for removal of a ruptured disc. Appellant's position is that there is no medical testimony which could constitute substantial evidence of causal relationship between the incident in February, 1960 and the disc. They point out that until January, 1961 there was no manifestation of symptomatology usually associated with disc trouble and that neither Dr. Trantum, the doctor who had been regularly treating claimant's back ailment, nor Dr. Wright, the doctor who performed the operation, filed medical reports connecting the disc to the earlier incident. Furthermore, they aver that the testimony of these doctors is not sufficient to establish causal relationship because such testimony is lacking in the requisite medical certainty. The use by experts, as here, of expressions such as " possibly ", " probably " or " could " does not necessarily brand their testimony as speculative so as to defeat a claim where the " whole record " presents substantial evidence of causal relationship (*Matter of Ernest* v. *Boggs Lake Estates*, 12 N Y 2d 414). There are cases where the natural hesitancy of a medical expert to attest with absolute certainty leads to a choice of phraseology which leaves room for doubt but where " the doctor intends to signify a probability supported by some rational basis." (*Matter of Miller* v. *National Cabinet Co.*, 8 N Y 2d 277, 282.) Then there are cases where sheer speculation is advanced or the testimony of the medical expert is conceived as inferentially favorable by his failure to deny the possibility, albeit, perhaps, very remote, of causal relationship. Here Dr. Trantum when asked to opine concerning causal relationship answered, " All I can say, it is possible that occurred." On cross-examination, however, after admitting that any type of activity could have resulted in the disc, Dr. Trantum when specifically asked if he could state with reasonable medical certainty that

the February, 1960 incident caused claimant's condition, stated, "No, I couldn't; I couldn't state." Dr. Wright when queried about causal relationship similarly stated "You give me a story of an accident — you ask me is it the type of accident that could produce a disc. I answer, yes, this could produce a disc. You say did this accident produce this disc; I answer, and say, I don't know." While as pointed out in *Matter of Ernest* v. *Boggs Lake Estates* (*supra*, p. 416), we cannot "reject opinion evidence because nonlawyer witnesses fail to use the words preferred by lawyers", still we require at least an opinion and one supported by some rational basis. Here on examining the entire record there is absolutely no such opinion or any other medical evidence in claimant's favor bearing on the instant question of causal relationship. Decision and award reversed and case remitted to the Workmen's Compensation Board, with costs against the Workmen's Compensation Board. Gibson, J. P., Herlihy, Reynolds and Taylor, JJ., concur.